# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEITH LAVOYD GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-925-JCH |
| | ) | |
| PATRICK K. BADER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff's motion for leave to commence this action without prepayment of the filing fee [Doc. #2]. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, after carefully reviewing the complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in

either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## Discussion

Plaintiff has filed a complaint for monetary damages in the amount of four billion dollars against defendants Patrick K. Bader, Shaun M. Falisey, Amanda Sexton, Patrick Mickey, Kerry Sullivan, Julie Burkett, Dale Funk, and Deborah Doak [Doc. #1].[1] Having carefully reviewed the complaint, the Court finds it impossible to ascertain the nature of plaintiff's allegations.[2]

---

[1] In addition, plaintiff has filed seven supplements to the complaint [Docs. #5-#11], consisting of over three hundred pages, which the Court will strike from the record; the Court does not accept attempts to amend pleadings by interlineation.

[2] The complaint is basically a compilation of disjointed thoughts and long, run-on sentences relative to a myriad of events that transpired between 1987 and 2008 concerning matters relating to workers' compensation claims, defamation of

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil Procedure; however, plaintiff has failed to do so in this case. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); Fed.R.Civ.P. 8(a)(2) (complaint should contain short and plain statement of claims); Fed.R.Civ.P. 8(e)(2) (each claim shall be simple, concise, and direct); Fed.R.Civ.P. 10(b) (parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances"). Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant. Because plaintiff has failed to do so, and the complaint is nonsensical, the Court will dismiss this action as legally

---

character, civil rights violations, medical malpractice, identity theft, the United States Treasury's minting of coins, entrapment, and fraud. For example, plaintiff states, "When I filed for my worksmencomp [sic] in 1987 my lawyer turn [sic] it over to Serl Speigeil and in 1993 the refuse [sic] to give me. [sic] and when I filed in 2007 they said it was goma [sic] to be turn [sic] over to the mother and child when I filed a defermation [sic] of character complaint and my civil rights been [sic] violated from. IDP.net file 404 changing of me being a victim of identity theft."

frivolous and for failure to state a claim or cause of action against any of the named defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's seven supplements to the complaint [Docs. #5-11] are **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of May, 2014.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE